E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
WILLIAM LARSEN (Cal. Bar No. 314091)
Assistant United States Attorney
General Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0298
      Facsimile: (213) 894-6269
      Email:     william.larsen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00359-PA-4 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ZACHARY DRY |
| v. | |
| ZACHARY DRY, | |
| Defendant. | |

1.    This constitutes the plea agreement between ZACHARY DRY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Four of the indictment in United States v. Zachary Dry, CR No. 2:24-cr-00359-PA-

SB

4, which charges defendant with Being a Prohibited Person in Possession of Firearms and Ammunition, in violation of Title 18, United States Code, section 922(g)(1).

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees:

        a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to the following:

        i.   One Smith & Wesson, Model SW9V, 9 mm caliber pistol, bearing serial number PAV7307, and any attachments thereto;

2

1          ii.   One Springfield Armory, model XDM Elite, .45

2    caliber pistol, bearing serial number BB215870, and any attachments

3    thereto; and

4          iii. Ten rounds of Winchester .45 caliber ammunition

5    (collectively, "Forfeitable Property").

6          b.   To the Court's entry of an order of forfeiture at or

7    before sentencing with respect to the Forfeitable Property and to the

8    forfeiture of the property.

9          c.   That the Preliminary Order of Forfeiture shall become

10   final as to the defendant upon entry.

11         d.   To take whatever steps are necessary to pass to the

12   United States clear title to the Forfeitable Property, including,

13   without limitation, the execution of a consent decree of forfeiture

14   and the completing of any other legal documents required for the

15   transfer of title to the United States.

16         e.   Not to contest any administrative forfeiture

17   proceedings or civil judicial proceedings commenced against the

18   Forfeitable Property.  If defendant submitted a claim and/or petition

19   for remission for all or part of the Forfeitable Property on behalf

20   of himself or any other individual or entity, defendant shall and

21   hereby does withdraw any such claims or petitions, and further agrees

22   to waive any right he may have to seek remission or mitigation of the

23   forfeiture of the Forfeitable Property.  Defendant further waives any

24   and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or

25   requirements of the government to commence forfeiture actions

26   pursuant to 18 U.S.C. § 924(d)(1).

27         f.   Not to assist any other individual in any effort

28   falsely to contest the forfeiture of the Forfeitable Property.

3

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

j.   That with respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

<div align="center">THE USAO'S OBLIGATIONS</div>

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

4

1          b.    Abide by all agreements regarding sentencing contained

2    in this agreement.

3          c.    At the time of sentencing, move to dismiss the

4    remaining counts of the indictment as against defendant.  Defendant

5    agrees, however, that at the time of sentencing the Court may

6    consider any dismissed charges in determining the applicable

7    Sentencing Guidelines range, the propriety and extent of any

8    departure from that range, and the sentence to be imposed.

9          d.    At the time of sentencing, provided that defendant

10   demonstrates an acceptance of responsibility for the offense up to

11   and including the time of sentencing, recommend a two-level reduction

12   in the applicable Sentencing Guidelines offense level, pursuant to

13   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14   additional one-level reduction if available under that section.

15                              NATURE OF THE OFFENSE

16        5.    Defendant understands that for defendant to be guilty of

17   the crime charged in Count Four, that is, Prohibited Person in

18   Possession of Firearms and Ammunition, in violation of Title 18,

19   United States Code, Section 922(g)(1), the following must be true:

20   First, defendant knowingly possessed the firearms and ammunition

21   alleged in the indictment; Second, the firearms and ammunition

22   alleged in the indictment had been shipped or transported from one

23   state to another or between a foreign nation and the United States;

24   Third, at the time the defendant possessed the firearms and

25   ammunition alleged in the indictment, the defendant had been

26   convicted of a crime punishable by imprisonment for a term exceeding

27   one year; and fourth, at the time the defendant possessed the

28   firearms and ammunition alleged in the indictment, the defendant knew

he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 15 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

6

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<p align="center">FACTUAL BASIS</p>

10.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the

1  underlying criminal conduct or all facts known to either party that
2  relate to that conduct.

3      Beginning on an unknown date, but no later than in or around
4  July 6, 2023, and continuing until at least on or about May 29, 2024,
5  in Los Angeles and Orange Counties, within the Central District of
6  California, and elsewhere, defendant, a convicted felon, conspired
7  with co-defendant Mark Perez to engage in the business of dealing in
8  firearms without a license.  At the time he joined in the agreement,
9  defendant knew that the conspiracy had that unlawful purpose, and
10 defendant joined in the agreement with the intent to further it. In
11 doing so, and as specified below, defendant knowingly possessed
12 firearms and ammunition that had traveled in interstate or foreign
13 commerce knowing that he had previously been convicted of at least
14 one felony crime punishable by a term of imprisonment exceeding one
15 year.

16     In furtherance of this conspiracy, defendant executed, or helped
17 arrange the execution of, at least two firearms transactions.  Each
18 transaction was intended for a firearms customer who were, in fact,
19 undercover law enforcement officers (the "UCs") who would communicate
20 directly with co-defendant Perez and others to arrange the
21 transactions described herein.  Defendant acted under the direction
22 and/or request of other co-defendants.  The transactions occurred as
23 follows:

24     First, on February 28, 2024, outside an apartment complex in Las
25 Vegas, Nevada, defendant and co-defendant Perez sold the UCs the
26 following seven firearms for a total of $9,200: (1) a Norinco model
27 SKS .762 caliber rifle bearing serial number 1705580, (the "Norinco
28 Rifle"), which defendant had specifically delivered in exchange for

1 | $1,900; (2) an FSAAP LLC model FR-16 rifle bearing serial number
2 | A03206; (3) a Palmetto State Armory PA-15 multi-caliber rifle bearing
3 | serial number SCB504282; (4) a Mossberg Model 590 12-gauge shotgun
4 | bearing serial number V1701130; (5) a Mossberg Model 590 12-gauge
5 | shotgun bearing serial number V1589136; (6) a Glock model 29Gen4 10mm
6 | pistol, bearing serial number BTHW888; and (7) a Llama model Max I,
7 | .45-caliber pistol bearing serial number 07-04-09963-96.

8 |     Second, on May 29, 2024, defendant traveled with co-defendant
9 | Perez from Henderson, Nevada, to North Hollywood, California, to
10 | conduct another firearms transaction with the UCs.  Once defendant
11 | and his co-defendant arrived at the agreed-upon location for the
12 | firearms transaction, they brought the guns from the trunk of their
13 | SUV into the buy location.  Once there, the UCs asked defendant if
14 | any of the guns belonged to him, and defendant confirmed that the
15 | Smith & Wesson Pistol, described below, belonged to him and that he
16 | had on his person the Springfield Armory Pistol, also described
17 | below, which was loaded with ten rounds of Winchester .45 caliber
18 | ammunition.  Both firearms are semiautomatic firearms capable of
19 | accepting a large capacity magazine.  Shortly thereafter, defendant
20 | and co-defendant Perez were arrested.

21 |     In total, defendant and co-defendant Perez had transported the
22 | following ten firearms and ammunition to sell to the UCs for $10,750:
23 | (1) a Ruger Standard, model .22 long, .22 caliber pistol bearing
24 | serial number 14-73348; (2) a Springfield Armory, model XD-9, 9x19
25 | caliber pistol bearing serial number US935432; (3) a Springfield
26 | Armory, model XD-9, 9x19 caliber pistol bearing serial number
27 | S4915100; (4) a Smith & Wesson, model SW9V, 9mm pistol bearing serial
28 | number PAV7307, (the "Smith & Wesson Pistol"); (5) a CZ, model P-07,

9x19 caliber pistol bearing serial number G423064; (6) a Glock, model 19 Gen5, 9x19 caliber pistol bearing serial number CASZ477; (7) a Sig Sauer, model SP2022, 9mm pistol, bearing serial number 24B141316; (8) a Springfield Armory, model XDM Elite, .45-caliber pistol bearing serial number BB215870, (the "Springfield Armory Pistol"); (9) a Smith & Wesson model M&P-15, 5.56 NATO caliber rifle bearing serial number TU61738; (10) a Romarm/Cugir, model WASR-10 7.62-39 caliber, rifle bearing serial number ~~D1~~; (11) a Hi-Point Firearms, model 4595, .45 ACP caliber rifle bearing serial number R103153; (11) eight rounds of Winchester, S&B, and ArmscorUSA .45 Auto caliber ammunition; (12) six rounds of S&B and X-Treme 9mm ammunition; (13) twelve rounds of Hornady 9mm Luger caliber ammunition; (14) three rounds of FC 9mm Luger caliber ammunition; and (15) ten rounds of Winchester .45 Auto caliber ammunition.

The Smith & Wesson Pistol, the Springfield Armory Pistol, and the ten rounds of Winchester .45 caliber ammunition were manufactured outside of California.  Thus, to have been recovered in California, these firearms and ammunition had to travel in interstate or foreign commerce.

Defendant possessed such firearms and ammunition knowing that he had been previously convicted of Assault with a Deadly Weapon, in violation of Nevada Revised Statutes Section 200.471, in the District Court for the State of Nevada, Clark County, Case No. C-20-349171-1, on or about April 12, 2023; and Battery with Use of a Deadly Weapon, in violation of Nevada Revised Statutes Section 200.481, in the District Court for the State of Nevada, Clark County, Case No. C-19-345387-1, on or about May 4, 2023.

## SENTENCING FACTORS

11.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 24 | U.S.S.G. § 2K2.1(a)(2) |
| 3-7 Firearms | +2 | U.S.S.G. § 2K2.1(b)(1)(A) |
| Minor role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The USAO specifically reserves the right to argue for a higher base offense level, and defendant reserves the right to argue for a minimal role reduction. The USAO agrees to forego seeking an enhancement for an obliterated serial number under U.S.S.G. § 2K2.1(b)(4) or for a higher number of firearms under U.S.S.G. § 2K2.1(b)(1).  Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18

1  U.S.C. § 924(e), or if defendant has additional prior convictions for
2  either a crime of violence or a controlled substance offense under
3  U.S.S.G. § 2K2.1.  If defendant's offense level is so altered,
4  defendant and the USAO will not be bound by the agreement to
5  Sentencing Guideline factors set forth above.

6      13.  Defendant understands that there is no agreement as to
7  defendant's criminal history or criminal history category.

8      14.  Defendant and the USAO reserve the right to argue for a
9  sentence outside the sentencing range established by the Sentencing
10  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
11  (a)(2), (a)(3), (a)(6), and (a)(7).

12  <div align="center">WAIVER OF CONSTITUTIONAL RIGHTS</div>

13      15.  Defendant understands that by pleading guilty, defendant
14  gives up the following rights:

15          a.  The right to persist in a plea of not guilty.

16          b.  The right to a speedy and public trial by jury.

17          c.  The right to be represented by counsel -- and if
18  necessary have the Court appoint counsel -- at trial.  Defendant
19  understands, however, that, defendant retains the right to be
20  represented by counsel -- and if necessary have the Court appoint
21  counsel -- at every other stage of the proceeding.

22          d.  The right to be presumed innocent and to have the
23  burden of proof placed on the government to prove defendant guilty
24  beyond a reasonable doubt.

25          e.  The right to confront and cross-examine witnesses
26  against defendant.

27

28

1    f.    The right to testify and to present evidence in
2  opposition to the charges, including the right to compel the
3  attendance of witnesses to testify.

4    g.    The right not to be compelled to testify, and, if
5  defendant chose not to testify or present evidence, to have that
6  choice not be used against defendant.

7    h.    Any and all rights to pursue any affirmative defenses,
8  Fourth Amendment or Fifth Amendment claims, and other pretrial
9  motions that have been filed or could be filed.

10              WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

11    16.  Defendant understands that, with the exception of an appeal
12  based on a claim that defendant's guilty plea was involuntary, by
13  pleading guilty defendant is waiving and giving up any right to
14  appeal defendant's conviction on the offense to which defendant is
15  pleading guilty.  Defendant understands that this waiver includes,
16  but is not limited to, arguments that the statute to which defendant
17  is pleading guilty is unconstitutional, and any and all claims that
18  the statement of facts provided herein is insufficient to support
19  defendant's plea of guilty.

20    17.  Defendant also gives up any right to bring a post-
21  conviction collateral attack on the conviction or sentence, except a
22  post-conviction collateral attack based on a claim of ineffective
23  assistance of counsel, a claim of newly discovered evidence, or an
24  explicitly retroactive change in the applicable Sentencing
25  Guidelines, sentencing statutes, or statutes of conviction.
26  Defendant understands that this waiver includes, but is not limited
27  to, arguments that the statute to which defendant is pleading guilty
28  is unconstitutional, and any and all claims that the statement of

13

facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the Guidelines range corresponding to an offense level of 23 and the criminal history category calculated by the Court, defendant gives up the right to appeal all legal or constitutional challenges to his sentence permitted by law, including all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, including but not limited to any claimed violation of substantive or procedural due process (excluding any claim of discriminatory sentencing), any claimed violation of equal protection, or any claimed violation of the Sixth Amendment before, during, or after sentencing; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum, including but not limited to any claimed violation of the Eighth Amendment; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum, including but not limited to any claimed violation of due process; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum, including but not limited to any claimed violation of the First, Second, Fourth, or Eighth Amendments; and (f) any of the following conditions of probation or supervised release imposed by the Court under any provision of the Constitution: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C.

1    §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions
2    authorized by 18 U.S.C. § 3563(b)(7).  Defendant understands that, by
3    entering this agreement, defendant expressly waives the right to
4    appeal potential unknown or unanticipated claims of constitutional
5    error that may arise after the entry of this agreement both as
6    specifically enumerated above and otherwise encompassed within this
7    agreement's broad waiver of the right to appeal.  Defendant agrees
8    that the scope of this appellate waiver should be given the broadest
9    possible reading consistent with the law and United States v. Wells,
10   29 F.4th 580 (9th Cir. 2022).

11       19.   The USAO agrees that, provided (a) all portions of the
12   sentence are at or below the statutory maximum specified above and
13   (b) the Court imposes a term of imprisonment within or above the
14   range corresponding to an offense level of 23 and the criminal
15   history calculated by the Court, the USAO gives up its right to
16   appeal any portion of the sentence.

17                    RESULT OF WITHDRAWAL OF GUILTY PLEA

18       20.   Defendant agrees that if, after entering a guilty plea
19   pursuant to this agreement, defendant seeks to withdraw and succeeds
20   in withdrawing defendant's guilty plea on any basis other than a
21   claim and finding that entry into this plea agreement was
22   involuntary, then (a) the USAO will be relieved of all of its
23   obligations under this agreement; and (b) should the USAO choose to
24   pursue any charge that was either dismissed or not filed as a result
25   of this agreement, then (i) any applicable statute of limitations
26   will be tolled between the date of defendant's signing of this
27   agreement and the filing commencing any such action; and
28   (ii) defendant waives and gives up all defenses based on the statute

1  of limitations, any claim of pre-indictment delay, or any speedy

2  trial claim with respect to any such action, except to the extent

3  that such defenses existed as of the date of defendant's signing this

4  agreement.

5  <center>RESULT OF VACATUR, REVERSAL OR SET ASIDE</center>

6      21.  Defendant agrees that if the count of conviction is

7  vacated, reversed, or set aside, both the USAO and defendant will be

8  released from all their obligations under this agreement.

9  <center>EFFECTIVE DATE OF AGREEMENT</center>

10      22.  This agreement is effective upon signature and execution of

11  all required certifications by defendant, defendant's counsel, and an

12  Assistant United States Attorney.

13  <center>BREACH OF AGREEMENT</center>

14      23.  Defendant agrees that if defendant, at any time after the

15  signature of this agreement and execution of all required

16  certifications by defendant, defendant's counsel, and an Assistant

17  United States Attorney, knowingly violates or fails to perform any of

18  defendant's obligations under this agreement ("a breach"), the USAO

19  may declare this agreement breached.  Defendant agrees that the USAO

20  need not seek a judicial finding before declaring a breach.  All of

21  defendant's obligations are material, a single breach of this

22  agreement is sufficient for the USAO to declare a breach, and

23  defendant shall not be deemed to have cured a breach without the

24  express agreement of the USAO in writing.  If the USAO declares this

25  agreement breached, and the Court finds such a breach to have

26  occurred, then: (a) if defendant has previously entered a guilty plea

27  pursuant to this agreement, defendant will not be able to withdraw

28  the guilty plea, and (b) the USAO will be relieved of all its

<center>16</center>

obligations under this agreement.  Defendant agrees that the USAO
need not seek a judicial finding before declaring a breach or taking
any action consistent with the USAO's declaration of breach under
this agreement.

24.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge
that was either dismissed or not filed as a result of this agreement,
then:

a.  Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of this
agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or any
speedy trial claim with respect to any such action, except to the
extent that such defenses existed as of the date of defendant's
signing this agreement.

c.  Defendant agrees that: (i) any statements made by
defendant, under oath, at the guilty plea hearing (if such a hearing
occurred prior to the breach); (ii) the agreed to factual basis
statement in this agreement; and (iii) any evidence derived from such
statements, shall be admissible against defendant in any such action
against defendant, and defendant waives and gives up any claim under
the United States Constitution, any statute, Rule 410 of the Federal
Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
Procedure, or any other federal rule, that the statements or any
evidence derived from the statements should be suppressed or are
inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

1   fulfill all defendant's obligations under this agreement.  Defendant

2   understands that no one -- not the prosecutor, defendant's attorney,

3   or the Court -- can make a binding prediction or promise regarding

4   the sentence defendant will receive, except that it will be at or

5   under the statutory maximum.

6                        NO ADDITIONAL AGREEMENTS

7       28.  Defendant understands that, except as set forth herein,

8   there are no promises, understandings, or agreements between the USAO

9   and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      29.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  E. MARTIN ESTRADA
    United States Attorney

20

21  _____          10/15/24
    WILLIAM LARSEN                           _____
22  Assistant United States Attorney          Date

23  _____          10/15/24
    ZACHARY DRY                              _____
24  Defendant                                 Date

25  _____          10/18/24
    DANIEL PERLMAN                           _____
26  Attorney for Defendant ZACHARY DRY        Date

27

28

                                  19

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  10/13/24
ZACHARY DRY         Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ZACHARY DRY's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set

1   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2   provisions, and of the consequences of entering into this agreement.

3   To my knowledge: no promises, inducements, or representations of any

4   kind have been made to my client other than those contained in this

5   agreement; no one has threatened or forced my client in any way to

6   enter into this agreement; my client's decision to enter into this

7   agreement is an informed and voluntary one; and the factual basis set

8   forth in this agreement is sufficient to support my client's entry of

9   a guilty plea pursuant to this agreement.

10

11  DANIEL PERLMAN                         10/13/24
    Attorney for Defendant ZACHARY DRY     Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              21